UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO,<br><br>           Plaintiff,<br><br>    v.<br><br>J. THURMON, et al.,<br><br>           Defendants. | No. 2:20-cv-1118 KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, this action must be dismissed based on plaintiff's failure to first exhaust administrative remedies prior to filing the instant action.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may dismiss an action for failure to exhaust administrative remedies.  See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint because he failed to exhaust his administrative remedies).  Thereafter, failure to exhaust is an affirmative defense that must be raised and proved by the defendant.  Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003).

II.  Plaintiff's Allegations

Plaintiff claims that on two occasions, defendant Lt. Thurmon placed plaintiff's life in danger and continues to put plaintiff's life in danger, and violated plaintiff's due process rights, by intentionally and improperly classifying a rules violation report as sexually disordered conduct rather than the mere verbal disrespect it was.  As a result, plaintiff claims yellow placards were placed over plaintiff's cell windows so that everyone in plaintiff's housing unit would believe plaintiff was a sex offender, having committed indecent exposure or sexually disorderly conduct, allegedly for the purpose of causing other inmates to victimize plaintiff.  On April 19, 2020, plaintiff alleges defendant Sgt. Cherniss generated a chrono authorizing the placement of the yellow placards on plaintiff's cell windows for 180 days.  Plaintiff brought these alleged violations to the attention of defendants Captain Ormand and Captain J. Ali.  As a result of these allegations, plaintiff claims he has suffered daily disrespect and emotional distress, and seeks money damages.

III.  Discussion

It is obvious from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to bringing this action because he concedes that he did not.  (ECF No. 1 at 5.)

1   Rather, plaintiff contends that he is in need of immediate relief because his life is in danger, and
2   "that's why [he] filed complaint before exhausting [his] administrative remedies at the highest
3   level." (Id.)

4       Plaintiff's claims challenging his conditions of confinement are subject to the Prison
5   Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates
6   exhaust all available administrative remedies before filing 'any suit challenging prison
7   conditions,' including, but not limited to, suits under § 1983."  Albino v. Baca, 747 F.3d 1162,
8   1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  The Supreme Court
9   has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior
10  to bringing suit under the PLRA, even to take into account "special" circumstances.  Ross v.
11  Blake, 136 S. Ct. 1850 (2016).

12      An action is subject to dismissal and plaintiff may not proceed in this action if he has not
13  exhausted his administrative remedies prior to filing suit.  See, e.g., Albino, 747 F.3d at 1162 (in
14  rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed
15  for failure to state a claim); Bennett, 293 F.3d at 1098; Medina v. Sacramento Cty. Sheriff's
16  Dep't, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the
17  complaint and any attached exhibits that a plaintiff did not exhaust his available administrative
18  remedies before commencing an action, the action may be dismissed on screening for failure to
19  state a claim.")  Regardless of the relief sought, a prisoner must exhaust administrative remedies
20  before filing in federal court.  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross, 136 S. Ct.
21  at 1857, 1859.  In other words, exhaustion is a precondition to suit; exhaustion while the action is
22  pending is insufficient.  McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002).  This
23  requirement promotes the PLRA's goal of efficiency by:  "(1) 'giv[ing] prisoners an effective
24  incentive to make full use of the prison grievance process'; (2) reducing prisoner suits as some
25  prisoners are 'persuaded by the proceedings not to file an action in federal court'; and
26  (3) improving the quality of any remaining prisoner suits 'because proper exhaustion often results
27  in the creation of an administrative record that is helpful to the court.'"  Nunez v. Duncan, 591
28  F.3d 1217, 1226 (9th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. at 94-95).

4

The Ninth Circuit has recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir. 2017) (citing Nunez v. Duncan, 591 F.3d at 1226). In Ross, the Supreme Court agreed, holding that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of." Ross, 136 S. Ct. 1850, 1859 (2016) (citation and internal quotation marks omitted). Andres, 867 F.3d at 1078. However, the Supreme Court also reinforced the exhaustion requirement:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any "special circumstances."

Ross, 136 S. Ct. at 1856 (internal citations omitted).

Here, plaintiff's reliance on the nature of his underlying claim is unavailing. As the Supreme Court has repeatedly found, there is no exception to the exhaustion requirement; rather, exhaustion is mandatory. Moreover, as a federal district court, this court is bound to follow the United States Supreme Court's holding that the exhaustion of administrative remedies may not be excused, even for special circumstances. Thus, to the extent plaintiff contends his situation constitutes "special" circumstances, such circumstances do not excuse his failure to exhaust administrative remedies prior to filing this action.

Because it is clear from the face of plaintiff's complaint that plaintiff did not exhaust his administrative remedies based on his erroneous belief that he could be excused from the exhaustion requirement, it would be futile to grant plaintiff leave to amend. Plaintiff must administratively exhaust his claims before again bringing such claims before this court in a civil rights action. The undersigned recommends dismissal of the complaint without leave to amend, but dismisses the action without prejudice to plaintiff filing a new civil rights complaint once he has exhausted his administrative remedies.

////

////

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tufo1118.fte.sua